## WHEELAN *vs.* CLARKE *et al.*

Where, on the hearing of an application for an injunction and receiver, the affidavits were contradictory as to the substantial allegations in the bill, and the chancellor did not abuse his discretion in refusing the injunction and receiver, this court will not interfere with his judgment to that effect.

March 15, 1887.

Injunction. Receiver. Before Judge MARSHALL J. CLARKE. Fulton Superior Court. September Term, 1886.

Reported in the decision.

ARNOLD & ARNOLD, for plaintiff in error.

J. C. REED, for defendants.

BLANDFORD, Justice.

The plaintiff in error exhibited her bill against the defendants in error and others, in which she alleged that she was a judgment creditor of William H. Clarke; that she had caused an execution, issued upon her judgment, to be levied on certain real estate, and that this had been claimed by Annie B. Clarke, the wife of W. H. Clarke. The bill alleges that certain real estate had been purchased by Clarke and paid for out of his money (including the land levied upon), and that he had caused deeds to the same to be made to his wife, in order to defraud his creditors and hinder them in the collection of their claims; it also states that part of this money may have been paid by Mrs. Annie B. Clarke out of her separate estate, the amount thus paid not being known. Discovery is waived as to the main defendants in the bill, Clarke and his wife.

The bill also alleges that certain other persons have mortgages against this real estate, but does not say that these mortgages were obtained fraudulently, or with any fraudulent purpose; and it prays that the mortgagees may

answer, setting forth what amount of money they lent Mrs. Clarke, the amount they have received on account of the mortgages, and the amount still due. Complainant asked that an injunction issue to restrain Clarke and his wife from selling and disposing of this land; and also that a receiver be appointed to take charge of it, collect the rents, issues and profits, and hold them for the benefit of the creditors of Clarke.

At the hearing of the application for injunction and receiver, various affidavits were read in behalf of the complainant, and also in behalf of the defendants. The affidavits were contradictory, and the defendants denied squarely the allegations in the complainant's bill.

The court below, under the circumstances, refused to grant the injunction and appoint a receiver. We cannot say that he abused his discretion in so refusing, and the judgment is therefore affirmed.